200 So.2d 597 (1967)
Harry Lee BALLARD and Sam Coley, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 66-475, 66-500.
District Court of Appeal of Florida. Third District.
June 27, 1967.
Robert L. Koeppel, Public Defender, Phillip A. Hubbart, Asst. Public Defender, Tobias Simon and Alfred Feinberg, Miami, for appellants.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellants Sam Coley and Harry Ballard were indicted for rape. When arraigned they pleaded not guilty. Each made a confession, which the trial court on motion to suppress ruled was freely and voluntarily made. Thereafter, with the benefit of advice of counsel, the defendants withdrew their original pleas and each pleaded guilty. Based on the latter pleas, which the court accepted, the defendants were adjudged guilty, and each was sentenced to confinement in the state penitentiary for a period of 99 years.
They now have appealed from orders entered by the trial court after evidentiary hearing, denying their motions for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The appellants contended in their motions that they were not advised of their rights; that their guilty pleas were induced through coercion; that they were denied compulsory attendance of witnesses at trial; and that the hearing held on their motions was not a full evidentiary hearing because they were not present.
We have examined the record of the proceedings on the Rule 1 motion and conclude that the trial court did not commit error in denying the motions.
*598 On the hearing on Rule 1 motions the court was entitled to accept the testimony of the experienced and able attorneys who had represented the defendants at the trial,[1] as a basis for determining that the allegations of the movants, that the guilty pleas were improperly induced, were unfounded.
The contention of the appellants that they were denied the right to compulsory process of witnesses at the trial of the cause was stated in the motion as a conclusion, unsupported by factual allegations. For that reason (Roy v. Wainwright, Fla. 1963, 151 So.2d 825, 828; State v. Weeks, Fla. 1964, 166 So.2d 892, 897), and because their pleas of guilty obviated trial, that contention presented no issue for determination on the Rule 1 motions.
Nor does the fact that the movants were not present at the hearing on the Rule 1 motions require reversal. The question of whether their presence was essential or would be helpful was one for determination *599 by the trial judge, and, in the circumstances reflected by the record, it is not made to appear that the trial judge abused discretion in that regard. In State v. Weeks, supra, the Supreme Court of Florida, regarding consideration of Rule 1 motions stated:
"If the motion reflects substance and there is nothing conclusively in the record to the contrary, a hearing should be granted. The trial court would again have the judicial discretion to determine whether the presence of the prisoner at the hearing is essential or would be helpful. In general, this decision would be influenced by a consideration of whether the testimony of the prisoner on factual conflicts is required to produce a correct result."
No reversible error having been made to appear, the orders appealed from are affirmed.
Affirmed.
NOTES
[1] "The Court: Mr. Prebish, which one of these accused did you represent? Mr. Prebish: Mr. Clar and I had been designated, I believe, Judge, to represent the defendant Ballard. The defendant, since our discharge by Your Honor after the completion of the cause by plea and adjudication and sentence, has never communicated with us, has in nowise complained to us that he was ever deprived of any of his rights. As far as I know, the first time that we ever heard anything about this matter was when we were given a notice by the State Attorney a short time ago that this matter would come before you to be heard. As a member of the bar of almost twenty years' standing, I verify to Your Honor that Mr. Clar and I fully apprised the defendant of his rights, we made a thorough study of the evidence and the law involved. You will recall that extensive pretrial hearings were had in this cause, both from a standpoint of legally challenging the evidence and the confession of the defendant  defendants I believe. It was our opinion at the time that the best interest of the defendants would be served by entering a plea. We so advised them. I'm quite certain that Your Honor made adequate inquiry into the matter at the time you accepted the plea. As I recall, you had a presentence investigation in this cause. You did not? It may not be. Mr. Kogan: I don't believe so. The Court: For the record, I don't recall. Mr. Prebish: You were apprised, I know, of the past records of the defendants, that I do know. The Court: I was apprised of their previous criminal records. Mr. Prebish: Under the plea, there wasn't too much flexibility as far as I could determine in the imposition of sentence. I don't know particularly what areas the defendants claimed their rights were deprived, but I am here to answer any questions that the Court or the State Attorney may have relating to our representation of the defendants. I have no recommendations. I wouldn't give  I couldn't, in good faith, file any additional pleadings on behalf of this defendant. The Court: Do you have anything to say, Mr. Willis? Mr. Willis: I would adopt Mr. Prebish's statement for Sam Coley, as Mr. Manners and I were representing him. The four of us closely worked together on this case, and in our considered judgment and opinion  and the four of us, I think, have a background of criminal experience  that this was one case which you could not afford to let go to a jury. It was an electric chair case. It was our considered opinion and judgment that the best interest of these men would be served by pleading guilty. The facts and circumstances were fully explained to them, their rights, and said sentence  to the best of our knowledge and belief their guilty plea was freely and voluntarily entered into after an explanation of all their rights. The Court: Do you have anything further, Mr. Kogan? Mr. Kogan: Nothing, Your Honor, other than to say and reiterate what I stated in the letter. I think both Mr. Prebish and Mr. Willis and their associate counsel did an admirable job in the defense of these men. Mr. Prebish brought out there was an extensive program of pretrial motions and hearings, wherein motions to quash and suppress were filed, and arguments at great length and testimony taken not only from witnesses for the defense and for the State, but even from the defendants themselves, going into whether or not their rights had been violated. The Court, after full and complete hearing on these matters, entered its order stating that their rights in fact had not been violated, that their statements and any searches which may have accompanied the arrest were legal and were valid, and were admissible in evidence."