238 So.2d 598 (1970)
STATE of Florida, Petitioner,
v.
Madison Lee REYNOLDS, Respondent.
No. 38848.
Supreme Court of Florida.
March 11, 1970.
Rehearing Denied April 20, 1970.
*599 Earl Faircloth, Atty. Gen., and James Robert Yon, Asst. Atty. Gen., for petitioner.
Robert E. Jagger, Public Defender, and Edwin I. Ford, Asst. Public Defender, for respondent.
ADKINS, Justice.
By petition for certiorari, we are requested to review a decision of the District Court of Appeal, Second District (224 So.2d 769) because of alleged conflicts with prior decisions of this Court.
The respondent while incarcerated in Texas filed a petition seeking post-conviction relief in the Florida court. The District Court held that respondent was "in custody" within the meaning of Rule 1.850, Cr.P.R., 33 F.S.A., relating to post-conviction remedies. This decision is in conflict with the decisions of the First District in Holstein v. State, 205 So.2d 6 (1967) and of the Third District in Hill v. State, 184 So.2d 457 (1966). We have jurisdiction.
*600 In Lawson v. State, Fla., 231 So.2d 205 (opinion filed January 28, 1970), this Court held that a prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of Rule 1.850, Cr.P.R. We now hold that a prisoner in the custody of a state other than Florida is also "in custody" within the meaning of Rule 1.850, Cr.P.R., and approve the opinion of the District Court.
This does not necessarily mean that each prisoner filing such a petition or motion must be brought before the Florida court. If the motion is defective in form or substance and insufficient to state a prima facie case entitling the prisoner to relief, the Court may make a summary disposition. If the motion appears to be sufficient, but the files and records in the case conclusively refute the allegations or otherwise conclusively preclude relief, summary denial is proper. Lawson v. State, supra; State v. Weeks, 166 So.2d 892 (Fla. 1964).
If the motion reflects substance and there is nothing conclusively in the record to the contrary, a hearing should be granted. Even in this instance the presence of the prisoner is not always required. Bryant v. State, 204 So.2d 9 (Fla. App.3d 1967); Ballard v. State, 200 So.2d 597 (Fla.App.3d 1967). This is a matter within the discretion of the Court, State v. Weeks, supra, which must be exercised in the light of other applicable principles of law, including the requirements of due process. If, upon hearing, there are questions of fact within the personal knowledge of the prisoner to be resolved, then the prisoner should be given an opportunity to testify. As stated in Bryant v. State, supra:
"When there are questions of fact to be decided, it may be the better practice to receive evidentiary statements from a movant either by his being present in the court or by written interrogatories or by deposition taken before a commissioner at the penal institution wherein the movant is incarcerated."
Where evidence is to be heard at the hearing and the petitioner is not represented by counsel, due process requires that petitioner be produced so that he may confront all of the witnesses, interrogate his own witnesses and cross-examine those of the State. Dickens v. State, 165 So.2d 811 (Fla.App.2d 1964). A proceeding under Rule 1.850 is civil in nature and analogous to post-conviction habeas corpus, State v. Weeks, supra, so appointment of counsel may be an adequate alternative to the presence of the petitioner, if petitioner would not be prejudiced through his absence and if he were not personally involved in the factual dispute to be resolved. Dickens v. State, supra.
The writ of certiorari is discharged.
ERVIN, C.J., DREW and CARLTON, JJ., and HENDRY, District Judge, concur.