267 So.2d 15 (1972)
John J. WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. R-223.
District Court of Appeal of Florida, First District.
September 28, 1972.
John J. Wilcox, in pro. per.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Wilcox appeals from a summary denial of his "Petition for Writ of Error Coram Nobis or Appropriate Relief." The State recognizes by its brief that the "appropriate relief" sought by Wilcox pro se in the trial court was a postconviction challenge to his conviction pursuant to the provisions of Rule 3.850, FRCrP, 33 F.S.A. The trial court denied Wilcox's petition without a hearing.
By his petition Wilcox alleged that in Criminal Case No. 62-3876-C, in the Criminal Court of Record of Duval, County, he was convicted of uttering of a forgery without assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution. He further alleged that he "has fully served the said sentence" for this conviction and "is now confined in the United States Penitentiary at Atlanta, Georgia, where such sentence was used to enhance punishment on his present Federal sentence."
The State argues, citing this Court's opinion in Young v. State,[1] that Wilcox's petition is not cognizable because he has admittedly served the sentence imposed by the challenged conviction. The foregoing cited decision does stand for the State's *16 position; however, Assistant Attorney General Allbritton commendably calls to our attention the decision of the Second District Court of Appeal in Reynolds v. State, 224 So.2d 769 (2 Fla.App. 1969), and the Supreme Court's approval of same, State v. Reynolds, 238 So.2d 598 (Fla. 1970). In his brief, the able Assistant Attorney General tells us: "A reading of Reynolds v. State reveals that the opinion is long on prose and short on factual recitation", and then reasons that the case is not applicable to the instant facts. We do not agree.
As we understand the Supreme Court's decision in Reynolds, a petitioner incarcerated in another state is "in custody" within the meaning of Rule 3.850, FRCrP, for purposes of postconviction remedies. This decision by our Supreme Court, coupled with the federal Supreme Court's opinion in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), clearly grants to Wilcox the opportunity to challenge his prior conviction, even though sentence for same has long ago been served. We note that in Tucker the Supreme Court of the United States affirmed a decision of the U.S. Court of Appeals, Ninth Circuit, which remanded the case for resentencing on the basis that the prisoner's punishment was enhanced by two prior invalid convictions (one in Florida and one in Louisiana). In reaching this conclusion, the federal Supreme Court and the Ninth Circuit Court accepted the determination of a California court that Tucker's 1938 Florida sentence was invalid. In our opinion, a more orderly and justiciable review of the validity of a sentence can be afforded by the sentencing court rather than by a court of foreign jurisdiction.
The cause is reversed and remanded, with directions to afford Wilcox a hearing pursuant to the guidelines set forth in State v. Reynolds, 238 So.2d 598 (Fla. 1970).
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Young v. State, 167 So.2d 622 (1 Fla. App. 1964), cited with approval in Smith v. State, 175 So.2d 243 (3 Fla.App. 1965), and Wingard v. State, 210 So.2d 472 (2 Fla.App. 1968).