LILES, Judge.
The appellant James Pair filed two CrPR 3.850, 33 F.S.A. motions to vacate and set aside his sentence in separate cases. Since this question is the same in both cases, we have combined them for the purposes of this opinion. The trial judge denied both motions without evidentiary hearings. Both motions alleged that appellant was without counsel in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in that he was not represented by counsel in either trial of the prior cases.
The trial judge denied the motions since appellant was not in custody under either of the two sentences. We believe it was error and reverse on the authority of Rose v. State, 235 So.2d 353 (3d D.C.A.Fla.1970); Polo v. State, 238 So.2d 160 (3d D.C.A.Fla.1970); Reynolds v. State, 224 So.2d 769 (2d D.C.A.Fla.1969); aff’d 238 So.2d 598 (Fla.1970); Wilcox v. State, 267 So.2d 15 (1st D.C.A.Fla.1972).
Such patently illegal convictions have justifiably been set aside despite the technical requirements of the language of the rule requiring custody.
We therefore remand both cases to the trial court for an evidentiary hearing to determine whether the appellant’s allegations that he was unconstitutionally deprived of counsel are well founded; and, if so, the appellant’s motions should be granted.
Reversed and remanded with directions.
MAÑ'N, C. J., and McNULTY, J., concur.