306 So.2d 602 (1975)
Richard Lee EBY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-714.
District Court of Appeal of Florida, Second District.
January 29, 1975.
Herbert T. Schwartz, of Schwartz, Schwartz & LoPucki, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Eby appeals from an order denying his motion for post-conviction relief filed pursuant to Rule 3.850, RCrP. The basis of his motion is incompetence of trial counsel and the court below properly determined that the allegations were sufficient to require a hearing on the issues framed. The court refused, however, to issue a writ of habeas corpus ad testificandum directed to the state prison officials which would have secured appellant's presence at the hearing. Only the original trial judge, the prosecuting attorney and appointed defense counsel appeared and testified. The court concluded from their testimony that the alleged *603 incompetence of appointed counsel was merely legitimate and reasonable trial tactics or strategy and denied the motion as aforesaid. We reverse.
While it may be conceded that even when a hearing is required pursuant to Rule 3.850, supra, the presence of the petitioner is not always required,[1] nevertheless it is a matter within the discretion of the trial court which must be exercised in the light of other applicable principles of law including the requirements of due process.[2] As pointed out by our Supreme Court in State v. Reynolds:[3]
"... If, upon hearing, there are questions of fact within the personal knowledge of the prisoner to be resolved, then the prisoner should be given an opportunity to testify."
An analysis of appellant's contentions herein shows that there is a factual dispute involving matters about which he had personal knowledge. At the trial, for example, appellant's counsel stated in his opening statement to the jury that it would later hear testimony tending to establish appellant's incompetency and, additionally, testimony concerning a heat of passion defense explaining the appellant's murder of his wife and her paramour. The attorney, however, never presented any evidence in support of these defenses. In fact, appellant himself did not testify and no defense was otherwise presented at all. Understandably, of course, counsel testified in the instant proceeding that in his judgment the foregoing omissions constituted the best trial tactics. He also testified that appellant agreed with the tactics. All of this may indeed be true, as the court found; but it contrasts sharply with the contentions of appellant as outlined in his motion for post-conviction relief. He was not permitted to present his own testimony in contradiction thereof nor was he given an opportunity to assist his attorney in cross-examining any of the witnesses. We point out parenthetically, moreover, that for some unexplained reason only part of the original trial transcript was available to the reviewing judge in the instant proceeding. Withal, we think the trial court abused its discretion and should have secured the presence of appellant at the proceeding under review.
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See Bryant v. State (Fla.App.3d, 1967), 204 So.2d 9; Ballard v. State (Fla.App. 3d, 1967), 200 So.2d 597.
[2] See State v. Reynolds (Fla. 1970), 238 So.2d 598.
[3] Id. at p. 600.