319 So.2d 49 (1975)
Clyde ALFONSO, Appellant,
v.
STATE of Florida, Appellee.
Benjamin ALFONSO, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-1363, 74-1364.
District Court of Appeal of Florida, Second District.
September 3, 1975.
*50 James A. Gardner, Public Defender, Sarasota, and Harold H. Moore, Asst. Public Defender, and Dennis J. Plews, Legal Intern, Bradenton, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Clyde and Benjamin Alfonso appeal from an order denying their motion for post-conviction relief filed pursuant to Rule 3.850, RCrP. We reverse.
The basis of the motion is incompetence of trial counsel. The trial court determined that the allegations were sufficient to warrant a hearing on that issue; but only the original trial judge, the prosecutor, and the two allegedly incompetent defense counsel were present at such hearing. Neither of the petitioners nor counsel acting in their behalf were given an opportunity to be present nor did they waive it.
At the conclusion of the hearing the court apparently determined from the testimony that the alleged incompetence of counsel was merely legitimate and reasonable defense tactics or strategy and denied the motion. This appeal ensued.
Although the presence of petitioner or his counsel is not always required at Rule 3.850, supra, hearings,[1] due process demands that where there are questions of fact within the personal knowledge of the petitioner to be resolved, then at least the petitioner must have the opportunity to testify and cross-examine witnesses against him.[2]
Here, appellants' allegations present factual issues involving matters about which they had personal knowledge. The allegations concerned the truthfulness of counsel, the content of conversations between attorney and client and the use or nonuse of evidence made known by defendants. Under these circumstances, where petitioners possess personal knowledge necessary to contradict and cross-examine those denying such material allegations, they must be permitted to be present.
We parenthetically point out here, too, that appellants may be entitled to independent counsel at such a hearing,[3] though we do not now decide that this is necessarily so in this case.
In view whereof, the order appealed from should be, and it is hereby reversed, and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See State v. Weeks (Fla. 1964), 166 So.2d 892; Bryant v. State (Fla.App.3d, 1967), 204 So.2d 9; Ballard v. State (Fla.App.3d, 1967), 200 So.2d 597.
[2] See State v. Reynolds (Fla. 1970), 238 So.2d 598; Eby v. State (Fla.App.2d, 1975), 306 So.2d 602.
[3] See State v. Weeks, supra, n. 1.