458 So.2d 901 (1984)
Terry D. HARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-712.
District Court of Appeal of Florida, Second District.
November 16, 1984.
Jerry Hill, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Terry D. Harrell filed a motion for post-conviction relief, alleging ineffective *902 assistance of counsel under Florida Rule of Criminal Procedure 3.850. Defendant's allegations focused on his counsel's failure to contact potential alibi witnesses and to investigate the circumstances of the attempted burglary for which his probation was revoked. The trial court denied his motion on September 23, 1983.
On appeal this court reversed and remanded the case, holding that defendant's motion stated grounds alleging ineffectiveness of counsel concerning the failure to investigate two potential alibi witnesses. This court directed that the trial court either summarily deny defendant's motion, attaching to its order those portions of the record which conclusively showed he was not entitled to relief, or hold an evidentiary hearing and rule on the allegations presented in his motion. Harrell v. State, 443 So.2d 1080 (Fla. 2d DCA 1984).
Pursuant to this court's mandate, the trial court reviewed the matter and summarily denied the motion. This time the trial judge attached to his order a transcript of the September 23 hearing. From that transcript it appears that defendant was not present at this hearing. Moreover, the file fails to reveal whether defendant was afforded an opportunity to be present or whether he waived such opportunity. Rather, this hearing merely consisted of a statement from defendant's former attorney, whom the defendant alleges was incompetent. From that attorney's statement the trial court determined that there was no merit to defendant's allegations.
Defendant appeals once again. This time he contends that he was entitled to be present at the hearing on his motion since there were important questions of fact to be resolved. We agree with defendant that under the circumstances he was entitled to be present.
Rule 3.850 does not require that a defendant must always be present on a motion for post-conviction relief. Nevertheless, where, as here, there are questions of fact within the defendant's own knowledge which must be resolved, the defendant must be afforded an opportunity to testify and cross-examine witnesses. Alfonso v. State, 319 So.2d 49 (Fla. 2d DCA 1975).
Here, based on the statement from defendant's former trial counsel, counsel apparently discussed with the defendant the advisability of obtaining the alibi witnesses, and defendant agreed such witnesses should not be called. Trial counsel also said her further investigation of the attempted burglary revealed evidence of footprints supporting the state's case. Although these facts may be true, we have previously held that defendant's rule 3.850 allegations, if true, stated grounds for relief. Consequently, defendant was entitled to a judicial determination based on his testimony and his opportunity to cross-examine his former counsel.
We reverse the trial judge's order and remand for an evidentiary hearing. Defendant must be afforded an opportunity to be present at this hearing to testify and cross-examine his former counsel concerning his allegations that trial counsel was ineffective.
CAMPBELL, J., and MALONEY, DENNIS P., Associate Judge, concur.