SHIVERS, Judge.
Appellant appeals the trial court’s denial of his RCrP 3.850 motion for post-conviction relief. In his motion, appellant alleged several grounds in support of relief. The trial court summarily denied appellant’s motion, without attaching to its order any portions of the file or record in this case. We affirm in part, reverse in part, and remand with directions.
First, we find that the trial court properly summarily denied appellant’s claims that the trial judge erred in ordering only one psychological evaluation of appellant to determine if appellant was temporarily insane at the time of the offense and that the trial judge erred in not ordering a presentence investigation report. See, respectively, Brown v. State, 418 So.2d 464 (Fla. 4th DCA 1982) (that court stating that the defendant’s allegations concerning matters which preceded and were wholly unrelated to the entry of his plea were foreclosed by virtue of the defendant’s plea, citing Robinson v. State, 373 So.2d 898 (Fla.1979)) and Washington v. State, 397 So.2d 285, 287 (Fla.1981) (the Florida Supreme Court stating that a presentence investigation report is discretionary with the trial court, citing Hargrave v. State, 366 So.2d 1, 4 (Fla.1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979)).
Next, we find to be without merit appellant’s allegation that defense counsel rendered ineffective assistance in advising appellant to plead guilty to armed robbery without adequately investigating the possibility of raising an insanity defense. Here, appellant attached to his 3.850 motion a report by Dr. James L. Larson, a psychiatrist, wherein Dr. Larson opined that appellant “is competent to stand trial and at the time of the offense he should be considered legally responsible.” In light of this report, defense counsel was not obligated to seek additional expert opinion in the hope of fabricating an insanity defense. See Holmes v. State, 429 So.2d 297, 300 (Fla.1983).
Finally, appellant alleged in his motion, somewhat inarticulately, that defense counsel was ineffective in allowing appellant to plead guilty in light of a possible defense of lack of intent. Voluntary intoxication is a defense to specific intent crimes, Presley v. State, 388 So.2d 1385 (Fla. 2d DCA 1980), and robbery is a specific intent crime, Bell v. State, 394 So.2d 979 (Fla.1981). See also Gurganus v. State, 451 So.2d 817, 822 (Fla.1984) (the Florida Supreme Court stating that when specific intent is an element of the crime charged, evidence of voluntary intoxication, or for that matter, evidence of any condition relating to the accused’s ability to form a specific intent, is relevant). Here, appellant averred in his motion that he did not have the intent to commit robbery because of his ingestion of numerous quaalude tablets and an excessive quantity of beer prior to committing the offense. Moreover, in Dr. Larson’s report, mentioned above, Dr. Larson opined that appellant “was suffering from an alcoholic blackout spell during the time of commission of the alleged offense.” In light of appellant’s allegations *993 and Dr. Larson’s report, we cannot say that appellant’s motion conclusively shows that he is entitled to no relief as to this alleged deficiency on the part of defense counsel in allegedly not adequately investigating and/or advising appellant of this possible defense prior to appellant entering his plea of guilty. Accordingly, to the extent that the trial court’s order summarily denies relief with respect to appellant’s claim on this point, it is hereby reversed and this cause remanded to the trial court to either again summarily deny appellant’s motion as to this claim and attach to its order those portions of the record that conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on this claim by appellant. The order is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
MILLS and WENTWORTH, JJ„ concur.