PER CURIAM.
The appellant, defendant in the trial court, subsequent to his conviction and sentence, filed a Rule 3.850, Florida Rules of Criminal Procedure motion alleging his attorney’s conflict of interest and incompetency. The trial court ordered an evidentiary hearing and then proceeded to conduct it without the presence of the defendant or counsel on his behalf. The motion was denied. We find error and reverse for a new hearing.
We recognize that it is not necessary in the first instance for a trial court to appoint counsel for a petitioner who files a Rule 3.850 motion. Graham v. State, 372 So.2d 1363 (Fla.1979); Hooks v. State, 253 So.2d 424 (Fla.1971); State v. Weeks, 166 So.2d 892 (Fla.1964). We also recognize that it is not mandatory that the petitioner/defendant be present at either a preliminary hearing or in some instances an evidentiary hearing. Harrell v. State, 458 So.2d 901 (Fla. 2d DCA 1984); Eby v. State, 306 So.2d 602 (Fla. 2d DCA 1975); Bryant v. State, 203 So.2d 627 (Fla. 3d DCA 1967). However, in the instant case the unique facts[1] relating to the alleged *810 conflict of interest compels us to find that the court erred in not appointing counsel and having the appellant at the evidentiary hearing. We therefore reverse for a new hearing on the Rule 3.850 motion.
Reversed and remanded.

. The alleged conflict of interest arose as follows: In order to pay his privately retained counsel's fee, the defendant deeded to his trial counsel the defendant's one-half interest in a house that he owned jointly with the mother of the victim. This, the defendant contended, ere- *810 ated a compensation agreement in which the mother of the victim (a prosecution witness) was a contributing party to the compensation arrangement.