NIMMONS, Judge.
Smith filed a Fla.R.Cr.P. 3.850 motion for post-conviction relief, alleging, among other things, ineffective assistance of counsel. The trial court summarily denied the motion. This court, in Smith v. State, 461 So.2d 991 (Fla. 1st DCA 1984), affirmed in part but reversed and remanded on the ineffective assistance of counsel ground. That ground pertained to counsel’s alleged failure to adequately investigate and/or advise the defendant, prior to entry of his guilty plea, of a possible defense of lack of intent. We stated:
Here, appellant averred in his motion that he did not have the intent to commit robbery because of his ingestion of numerous quaalude tablets and an excessive quantity of beer prior to committing the offense. Moreover, in Dr. Larson’s report, mentioned above, Dr. Larson opined that appellant “was suffering from an alcoholic blackout spell during the time of commission of the alleged offense.” In light of appellant’s allegations and Dr. Larson’s report, we cannot say that appellant’s motion conclusively shows that he is entitled to no relief as to this alleged deficiency on the part of defense counsel in allegedly not adequately investigating and/or advising appellant of this possible defense prior to appellant entering his plea of guilty.
Id. at 992. We, therefore, remanded to the trial court
“... to either again summarily deny appellant’s motion as to this claim and attach to its order those portions of the record that conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing....”
Id. at 993.
On remand, the trial judge proceeded to conduct an evidentiary hearing. Present were the prosecuting attorney and appellant’s former counsel, who had been subpoenaed to testify at the hearing. Appellant, being incarcerated on the sentence which had been imposed in the instant case, was not present at the hearing. When appellant’s former counsel, Mr. Rosenblum, suggested that appellant should be present for the hearing, the trial judge responded, “I’m not going to have him present.”
The only witness to testify at the hearing was Mr. Rosenblum. With the exception of one question by the prosecuting attorney, the trial judge conducted the entire exami *198 nation of Mr. Rosenblum in which he was extensively examined regarding his communications with the appellant prior to the entry of the guilty plea.[1] A portion of the judge’s examination of Mr. Rosenblum is appended hereto.
The hearing was concluded after completion of Mr. Rosenblum’s testimony. Subsequently, the trial court entered an order denying the appellant’s motion, finding that
“the alleged deficiencies referred to by the defendant on behalf of his public defender are without merit; that the defendant, according to the attached sworn testimony, waived any defense, after adequate discussion of those defenses with his attorney, as he felt the negotiated sentence was in his best interest.”
The sworn testimony referred to in the order was that of Mr. Rosenblum referred to above. No other portions of the record of any trial court proceedings were attached to the order.
The appellant appeals from that order. He contends that he was entitled to be present at the hearing. We agree. Clearly, he was entitled to be present. As stated in Harrell v. State, 458 So.2d 901 (Fla. 2d DCA 1984), a case which is on all fours with ours:
Rule 3.850 does not require that a defendant must always be present on a motion for post-conviction relief. Nevertheless, where, as here, there are questions of fact within the defendant’s own knowledge which must be resolved, the defendant must be afforded an opportunity to testify and cross-examine witnesses. Alfonso v. State, 319 So.2d 49 (Fla. 2d DCA 1975).
Id. at 902. The courts of this State have consistently so held. See State v. Reynolds, 238 So.2d 598 (Fla.1970); Eby v. State, 306 So.2d 602 (Fla. 2d DCA 1975); and Ulvano v. State, 479 So.2d 809 (Fla. 3d DCA 1985).
Accordingly, as in Harrell, supra, we reverse and remand for an evidentiary hearing. The appellant must be afforded an opportunity to be present at the hearing and to participate.
REVERSED AND REMANDED.
MILLS and WENTWORTH, JJ„ concur.
APPENDIX
The following is a portion of the trial court’s examination of Mr. Rosenblum, appellant’s former counsel:
THE COURT: There’s a specific allegation that — and it says here, “as to the alleged deficiency on the part of the Defense Counsel on allegedly not adequately investigating and/or advising appellant of this possible defense prior to entering his plea.” Did you discuss this with your client?
MR. ROSENBLUM: Yes, Your Honor.
THE COURT: Did he understand your discussion?
MR. ROSENBLUM: I was under the impression that he did.
THE COURT: Why did your client elect not to raise this defense? It was a negotiated plea, I believe; wasn’t it?
MR. ROSENBLUM: Yes, it was, Your Honor.
THE COURT: Why did your client decide that a plea due to this type of sentence was in his best interest and waived his defense?
MR. ROSENBLUM: Well, there were discussions with the Court at the time and, of course, the State was present and I believe that they took place in your Chambers, and it was the Court’s pronouncement at the time, that if Mr. Smith wanted to plead guilty, then the Court’s offer was life in prison. The alternative to that would be that if a conviction should be gained by the State at a jury trial, that the Court would sentence Mr. Smith to a period of years and retain jurisdiction over that sentence. I explained all that to Mr. Smith. We discussed it at length on a number of *199 occasions, and I believe that on the last occasion, I went over to the jail with the parole guidelines in hand and we spent a good deal of time going over what, as the parole guidelines then existed, his expected amount of actual incarceration could — would in all likelihood be before he was eligible for parole. I did not tell Mr. Smith that this was what was going to happen, only that this — these were currently in effect, and that if they were still in effect, that he would probably spend a certain amount of years in prison, based on his plea to life. And he indicated to me that that was his choice because he did not want to risk the court’s retaining jurisdiction, feeling that he would, under all likelihood spend a good deal longer in prison should he be convicted.
THE COURT: And you did discuss with him the defense of — to presenting to a jury that he didn’t have the specific intent because he had been drinking and taking quaaludes, and he elected not to present that defense to a jury?
MR. ROSENBLUM: That’s correct.
THE COURT: So then you weighed all those avenues, that he felt it was in his best interest to enter a plea of guilty to a life sentence without any retention of jurisdiction.
MR. ROSENBLUM: That’s correct, Your Honor.

. In fact, at one point during the hearing when the prosecuting attorney attempted to ask a question, the court responded: "Ma’am, now, we have gone through this the way — I’ll do it.”