DAUKSCH, Judge.
This is an appeal from an order denying post-conviction relief, which relief was sought under Fla.R.Crim.P. 3.850.
The petition for post-conviction relief is sufficient to require a hearing to determine the question of whether appellant was de *1366 nied effective assistance of counsel. The judge below held a hearing on the motion and denied the relief sought, a new trial. Appellant was not at the hearing where his former lawyer testified contrary to certain allegations made by appellant and where the lawyer gave testimony in support of his position that appellant was given effective assistance. While it is not always required for a 3.850 petitioner to be at his hearing, Smith v. State, 489 So.2d 197 (Fla. 1st DCA 1986); Harrell v. State, 458 So.2d 901 (Fla. 2d DCA 1984); Alfonso v. State, 319 So.2d 49 (Fla. 2d DCA 1975), it was here.
Acting pro-se, with no one to cross-examine the critical witness against him, his former lawyer, appellant was hardly given a chance to support his allegations, which allegations we and the trial judge agree were sufficient to require a hearing. In order to have a meaningful hearing where factual issues and disputes are involved, it is incumbent upon the court to allow both sides to be heard and to cross-examine each other. Smith; Harrell 458 So.2d at 902; Alfonso, 319 So.2d at 50. That was not done here, so we must reverse the order and remand for a hearing.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.