PER CURIAM.
Ernest Blanco, Jr., appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although the trial judge denied the motion without an eviden-tiary hearing, he did not attach to his denial any portion of the files or records to refute the appellant’s allegations.
Blanco alleges that his trial counsel was constitutionally ineffective because he: (1) failed to assert that at the time of the commission of the crime Blanco was so intoxicated that he lacked the mental capacity to form the specific intent to commit murder or robbery; (2) failed to have Blan-co examined or treated to restore his memory of the crime charged which Blanco had told his counsel he could not remember because he was so intoxicated; and, (3) failed to subpoena witnesses who would have testified as to Blanco’s “growing psychotic character” and his “ingestation (sic) of increasingly larger quantities of drugs of all kinds” which might have been evidence mitigating specific intent.
Robbery and attempted first degree murder, the crimes for which Blanco was convicted, require specific intent and evidence tending to show a lack of capacity to form such intent may have been vital to Blanco’s defense. Smith v. State, 461 So.2d 991, 992 (Fla. 1st DCA 1984); Cirack v. State, 201 So.2d 706, 709 (Fla.1967); see also Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985). If Blanco’s allegations are true he may have satisfied the requirements of Knight and Strickland in order to show ineffective assistance of counsel. Knight v. State, 394 So.2d 997 (Fla.1981); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Certainly, we are unable to say that Blanco has not met the Knight/Strickland tests since the trial judge did not attach records or files to his order denying relief, nor did the judge order the state to respond to Blanco’s allegations. See Fla.R.Crim.P. 3.850.
Accordingly, we reverse the trial court’s denial of the appellant’s motion and remand the case to the trial court. On remand, unless the trial court can attach files and records of the case showing conclusively that Blanco is entitled to no relief, the court shall order the state attorney to file an answer within a time certain. After receiving the answer, the court shall determine whether an evidentiary hearing is required. If the court should again deny appellant’s motion, appellant has thirty days in which to appeal.
Reversed and remanded with directions.
DANAHY, C.J., and RYDER and SANDERLIN, JJ., concur.