WIGGINTON, Judge.
Appellant appeals the trial court’s summary denial of her motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand. In her motion, appellant alleged ineffective assistance of counsel in that her attorney failed to call certain defense witnesses to impeach the credibility of the State’s sole witness against appellant. She attached affidavits of two witnesses, in which they stated that they had personal knowledge of the State’s witness’s reputation for being untruthful and they had so informed defense counsel. The trial *1292 court denied the motion, stating that the failure to produce the testimony of those witnesses falls into the category of trial tactics.
The allegations in appellant’s motions are sufficiently detailed so that if they are true, she may have satisfied the requirements of Knight v. State, 394 So.2d 997 (Fla.1981) to show ineffective assistance of counsel. We are unable to say that she has not met those requirements since the trial court did not attach any portion of the record to its order denying relief. See Blanco v. State, 502 So.2d 1374 (Fla. 2d DCA 1987); Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987). Therefore, we reverse and remand for the attachment to the order of pertinent portions of the record showing that appellant is not entitled to relief, or for further proceedings in accordance with the rule.
«TOANOS and ZEHMER, JJ., concur.