508 So.2d 1315 (1987)
Juan CINTRON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1173.
District Court of Appeal of Florida, Second District.
June 19, 1987.
THREADGILL, Judge.
Juan Cintron appeals from the summary denial of a motion for postconviction relief.
Initially this court reviewed Cintron's entire motion and found possible merit in only one of the several issues raised therein. Cintron alleged that his trial counsel was ineffective for failing to move to suppress Cintron's confession, which had been made without adequate Miranda warnings.[1] The trial court denied Cintron's motion as legally insufficient. We remanded for further consideration of this one issue. Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986).
After remand the trial court again denied the motion, this time attaching what appeared to be a rights waiver form. Because the material relied upon was dehors the official record we reversed a second time. Cintron v. State, 504 So.2d 795 (Fla. 2d DCA 1987). Now the trial court has furnished us with the affidavit of one George L. Montesino, a Lee County deputy sheriff. In his affidavit, which was executed April 7, 1987, Montesino declared that he had been involved in the criminal *1316 investigation underlying these proceedings and that he had personally read to Cintron a "standard" series of Miranda warnings in Spanish; Cintron advised Montesino that he understood the warnings and executed the written waiver form that was attached to the previous order.
The trial court's purpose in conducting the proceedings in this manner is obvious. If, as Deputy Montesino has stated, Cintron was satisfactorily apprised of his rights, counsel would have had no grounds to move to suppress Cintron's confession. Unfortunately, we must conclude that the trial court's method of establishing this point is inadequate. The affidavit serves as the functional equivalent of testimony which is contradictory to the allegations sworn as true by Cintron's motion. As such, it ought to have been subject to confrontation by Cintron at an evidentiary hearing. Harrell v. State, 458 So.2d 901 (Fla. 2d DCA 1984); Alfonso v. State, 319 So.2d 49 (Fla. 2d DCA 1975).
We stress that by no means are we impugning Montesino's credibility. It may well be that in this case the result of any evidentiary hearing is a foregone conclusion and the hearing itself a useless act. However, since Cintron has denied that he received any such warning, we are faced with a genuine dispute as to the facts of this case which we are incapable of resolving at this level. If, as the state suggested in its response to Cintron's motion, the allegations therein are "perjurious," there are methods of dealing with such an abuse of process and our opinion should not be construed as condoning false statements by movants nor as discouraging disciplinary measures when such statements are made.
For the foregoing reasons we remand this case to the circuit court with directions either to grant Cintron a hearing on the issue of ineffective assistance of counsel or to support denial of the motion with exhibits from the official record or other sufficient legal basis.[2] Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed and remanded for further proceedings consistent herewith.
SCHOONOVER, A.C.J., and HALL, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] We note that Cintron's conviction took place in 1978. If he has filed previous motions under rule 3.850 the present motion can be denied as repetitive. Witt v. State, 465 So.2d 510 (Fla. 1985); Tanner v. State, 502 So.2d 1008 (Fla. 2d DCA 1987). The trial court could also find that the motion should be barred by laches, although we caution that the passage of time alone is not sufficient evidence of prejudice to the state to support denial on this ground. Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986); Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975).