525 So.2d 486 (1988)
Robert K. WALL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1037.
District Court of Appeal of Florida, First District.
May 20, 1988.
Robert K. Wall, Jr., pro se.
*487 Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Robert Wall appeals from the order of the trial court denying his petition for writ of habeas corpus addressed by the court as a motion for post-conviction relief. We affirm.
In summarily denying the motion, the trial court stated that the petition showed the court to be without jurisdiction to grant relief. We can only assume from the record that the trial court was of the opinion it did not have jurisdiction due to the fact that appellant had served his sentence and was no longer incarcerated in the state of Florida, although, the record shows that appellant at the time he filed his motion was incarcerated in the state of New Mexico. Rule 3.850, Florida Rules of Criminal Procedure, contemplates that the prisoner seeking relief be "in custody under sentence of a court established by the laws of Florida claiming the right to be released... ." For purposes of the rule, the movant need not be in custody under the sentence being attacked where the movant contends the sentence he is serving was enhanced by the conviction he seeks to have set aside. See State v. Reynolds, 238 So.2d 598 (Fla. 1970); Weir v. State, 319 So.2d 80 (Fla.2d DCA 1975); Wilcox v. State, 267 So.2d 15 (Fla. 1st DCA 1972). However, appellant has made no such contention in the instant case and the record does not reflect that his New Mexico sentence was enhanced by his Florida conviction. Consequently, the trial court did not have jurisdiction to consider appellant's petition.
AFFIRMED.
ERVIN and THOMPSON, JJ., concur.