FARMER, Judge.
The unique issue presented in this forfeiture case is whether it is an abuse of discretion to refuse to require that an incarcerated prisoner be brought before the court for the trial in a civil proceeding in which a *328 governmental agency seeks to forfeit property in which he claims an interest.[1] We hold that under the facts and circumstances of this case the court abused its discretion, reverse the final judgment already entered and remand for a jury trial on the forfeiture complaint.
From the proffers of the parties at trial, we piece together the following relevant facts. In November 1991, the Fort Pierce police sought to serve an arrest warrant for a third party at a hotel room where that party was believed to be staying. Only appellant was there however and, according to the police, he allowed them to enter and consented to a search of the room. They found $4,638 in a trash can in the bathroom, wherein they also found a quantity of cocaine. Appellant, who initially gave a false name, ultimately pleaded no contest to the charge of possession of the cocaine “in his best interests.” He was sentenced to a period of confinement with the Department of Corrections, where he resided at the time of trial.
In April 1992 the City of Fort Pierce initiated this forfeiture proceeding against the cash seized and named appellant as the owner of the cash.[2] An order to show cause was served on his attorney and required that he “appear before [the circuit court judge]” at a specified day and time “and then and there show cause why [the $4,638] should not be forfeited to the use of’ the city. He responded by denying all allegations of the petition, demanding trial by jury. He also moved to continue the show cause hearing until he was released from his incarceration, saying that his release date was “several months away.”
The motion to continue was denied, but the court transferred the case to a jury docket, thus postponing the day of trial. The case was then placed on the February/March 1993 trial calendar. Several weeks before the scheduled trial date, appellant filed a motion to suppress the cocaine found in the garbage container near the cash. At the same time, he also filed a motion seeking to have the court compel the sheriff to transport him from the Holmes Correctional Institution at Bonifay so that he could attend the hearing on the motion to suppress, as well as the trial. Alternatively, he asked that the trial be continued until he was released.
The motion “to transport” or continue was denied, but the ease was set over to the next calendar in April 1993. When appellant moved to continue that trial for the same reason, the court again denied the motion. The trial proceeded as scheduled with appellant being personally absent. To save the government expense, his attorney waived the jury and agreed that the government could simply proffer its evidence and he would proffer appellant’s defensive evidence — that the officers were on the premises merely to serve an arrest warrant on a third party who was then absent, that he was simply a visitor to the premises, that he had no knowledge or control over the cocaine, that he never gave permission for the search, that the cocaine was not his, and that the seizure of the cocaine was therefore illegal. With the court approving that procedure, the proffers were accepted and a final judgment of forfeiture was entered. Appellant timely appealed.
To understand the scope of the discretion given to the trial judge, we begin by analyzing the interests of the parties. This was a proceeding by which the city was seeking a judgment that would deprive a citizen of his ownership of cash in the amount of $4,638. The due process provision of the Florida Constitution, Article I, section 9, is specifically designed to protect against deprivations of property unless the government follows proceedings that are fair and suited to the purpose. Department of Law Enforcement v. Real Property, 588 So.2d 957, *329 960 (Fla.1991) [Real Property ]. Hence, the primary right at issue was appellant’s interest in property, which is itself protected by a secondary or procedural right to fair and apt proceedings in court to vindicate that primary right.
In Real Property, Justice Barkett explained this due process interest of a defendant in forfeiture proceedings as follows:
“In evaluating the due process concerns, it is clear that individuals have compelling interests to be heard at the initiation of forfeiture proceedings against their property rights to assure that there is probable cause to believe that a person committed a crime using that property to justify a property restraint. Property rights are among the basic substantive rights expressly protected by the Florida Constitution. Art. I, § 2, Fla. Const.; see Shriners Hosps. for Crippled Children v. Zrillic, 563 So.2d 64, 68 (Fla.1990) * * *. Additionally, Floridians have substantive rights to be free from excessive punishments under article I, section 17 of the Florida Constitution, and to have meaningful access to the courts pursuant to article I, section 21 of the Florida Constitution. All of these substantive rights necessarily must be protected by procedural safeguards including notice and an opportunity to be heard. Art. I, § 9, Fla. Const. * *
588 So.2d at 964. Real Property went on to hold that the government’s interest in seeking forfeiture of property used in the commission of a crime must give way to the operation of the due process provision. Conspicuously, for our purposes, the court emphasized that due process “requires * * * the opportunity for those claiming an interest in the property to be heard throughout the forfeiture process.” [e.s.] 588 So.2d at 964-965.
The court thus laid down some basic principles to govern trial and pretrial proceedings in forfeiture cases. In essence, the Florida Rules of Civil Procedure govern pretrial matters such as process and discovery. The claimant is entitled to a trial by jury, and the government agency must prove that the property interest is forfeitable by clear and convincing evidence. Lack of knowledge by a person claiming an interest in the property that it was being used in the commission of a crime is a complete defense to forfeiture, and such lack of knowledge may be established by a simple preponderance of the evidence. 588 So.2d at 966-968.
It is thus beyond any serious argument that appellant, whether he was incarcerated in a governmental institution or not, had a due process right to be heard at every stage in the forfeiture proceeding. In this particular case, that right was especially important because his defense to forfeiture turned on his own testimony as to the occurrence that gave rise to his alleged participation in criminal conduct with the property involved. The facts demonstrate that the jury would have been confronted by contrary testimony from the arresting officers to support forfeiture. The ultimate issue here was very close and turned on the credibility of the witnesses. The testimonial right of defendant was by any definition of critical importance. Defendant’s lawyer could not testify as to what his client knew, and thus his presence is irrelevant for that purpose. Arrayed against his critical rights were the interest of the governmental agency in proceeding with its ease and the interest of the trial judge in managing his docket. As important as these interests are — and we do nothing here today to denigrate or disparage them — they are manifestly of lesser importance.
Moreover, defendant’s suggested approaches for handling the problem were reasonable. For one thing, he proposed that the hearing on the suppression of evidence be combined with trial so that he need be transported, if at all, from his confinement to the court on but one occasion. Alternatively, he suggested that trial simply be continued until his imminent release from prison. No one advanced any reason why these alternatives might not be fair to the city or unreasonable to the court. No one hinted at any prejudice that might flow from either of them. There was no good reason not to do the one or the other.
Hence, although the court has discretion whether to compel the attendance *330 of a prisoner whose property is sought to be forfeited in a civil proceeding, that discretion must be exercised under established legal principles. Certainly, appellant had the right to compel the attendance of a trial witness on his behalf. Florida Rule of Civil Procedure 1.410(a) makes compulsory process for trial witnesses available to all litigants. Upon a simple request of a party, the clerk must issue a subpoena for trial witnesses. This rule institutionalizes the ancient maxim that in criminal or, as here, .quasi-criminal cases, the parties are entitled to “everyman’s” evidence.
Moreover, Article V, section 5(b), Florida Constitution, provides the circuit courts “shall have the power to issue writs * * * of habeas corpus and all writs necessary or proper to the complete exercise of their jurisdiction.”[3] Habeas corpus has other uses than to test the legality of a conviction; one ancient use is the writ of habeas corpus ad testificandum, by which a witness confined in prison may be summoned to the courtroom to give testimony in a proceeding other than his criminal trial. In Eby v. State, 306 So.2d 602 (Fla. 2d DCA 1975), a prisoner sought to challenge the effectiveness of his trial counsel in post conviction proceedings.[4] The trial court refused to issue a writ of habeas corpus ad testificandum to secure the presence of the prisoner to testify at the evidentiary hearing as to events at the trial that had resulted in his conviction. The district court reversed, explaining:
“While it may be conceded that even when a hearing is required pursuant to Rule 3.850, * * * the presence of the petitioner is not always required, nevertheless it is a matter within the discretion of the trial court which must be exercised in the light of other applicable principles of law including the requirements of due process.”
306 So.2d at 603. The reference in Eby to due process is, of course, consonant with the court’s holding in Real Property.
In addition, the trial court in this instance could have avoided the expense of transporting a prisoner to court by merely delaying the trial day for a relatively short additional period for his release from prison. Although continuances are within the court’s discretion, the exercise of that discretion is also not free form. Typically, discretion is exercised to grant continuances where the party is unable through no contrivance of his own making to attend a civil trial and a delay would not prejudice the opposing party. See, e.g., Jean v. County Sanitation Inc., 596 So.2d 1245 (Fla. 4th DCA 1992), and Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987).
Here, while appellant may have been the master of the fate that resulted in his incarceration, he cannot be said to have similarly contrived at being sued for forfeiture and not attending the forfeiture trial. It does not take refined constitutional analysis to perceive something slightly unfair about the government suing someone to take property away and at the same time obstructing that person’s attendance at the trial in that suit by confining him in its prison and refusing to bring the person forth. We therefore cannot say that government gives all the process that is due in the forfeiture of a man’s interest in property when they sue him for forfeiture while he is confined in one of their prisons and thereby prevent him from testifying on his own behalf at the trial at which the forfeiture will be determined. If the prisoner’s defense to the government’s claim turns on facts as to which he has personal knowledge and is a critical witness, discretion should almost always be exercised to allow his attendance. To fail to do so is to deny him an essential ingredient of procedural fairness. Thus the denial of a continuance was equally an abuse of discretion.
We do not by this opinion mean to suggest that a prisoner must be brought in for every hearing in a civil proceeding in which he is a party. Our decision today is confined to *331 cases where a governmental agency — city, county or state — seeks to forfeit a prisoner’s interest in property allegedly used to commit a crime, and the prisoner’s defense to that claim turns on facts as to which the prisoner has primary personal knowledge. In that circumstance, we think that the court should either grant a continuance or compel the presence of the prisoner in order to give the process due.
REVERSED.
HERSEY and ANSTEAD, JJ., concur.

. As we did in Fink v. Holt, 609 So.2d 1333 (Fla. 4th DCA 1992), we have changed the caption in this forfeiture proceeding to conform to the requirements of rule 9.110(d) to give the name and designation of at least one party on each side. We again stress that the property to be forfeited should be used in the caption in place of the respondent only when the identity of the party claiming an interest is unknown.

. In the original papers the city identified appellant by an alias only, even though the city had long since learned who he really was. Appellant timely responded to the action, however, so no prejudice resulted from any alleged misidentifi-cation.

. See also Fla.R.App.P. 9.030(c)(3) ("Circuit courts may issue writs of * * * habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction.”). Mandamus ordinarily is not proper to compel issuance of process for the attendance of witnesses because of the availability of other remedies. Heath v. Beck-tell, 327 So.2d 3 (Fla.1976).

. See Fla.R.Crim.P. 3.850.