MORRIS, Judge.
Clement A. McDowell appeals the non-summary denial of his postconviction motion filed pursuant to Florida Rule of *1258 Criminal Procedure 3.850. Because the trial court erred by proceeding with the evidentiary hearing without permitting McDowell an opportunity to be present at the hearing to present his testimony and to assist in cross-examination, we reverse and remand.
In ground one of his motion, McDowell contended that his plea to a violation of probation charge was involuntary because his former trial counsel misadvised him by telling him that two additional cases would be handled at the same time as the violation of probation charge and that adjudication would be withheld in all of the cases. He also alleged that once he confronted his trial counsel about the issue, his trial counsel withdrew from the case. McDowell’s second claim was that his trial counsel provided ineffective assistance by failing to raise existing issues below.[1]
At the evidentiary hearing, McDowell’s postconviction counsel alerted the postcon-viction court that McDowell was not present due to the fact that he was in federal custody and that she had been unsuccessful in having him transported to the hearing. His postconviction counsel stated that she needed McDowell present for the hearing so that he could provide his testimony. The State agreed that if McDowell wanted to present testimony, he would need to be present at the hearing. Ultimately, however, the postconviction court proceeded with the hearing and took testimony from McDowell’s trial counsel. At the end of the hearing, McDowell’s post-conviction counsel renewed her objection to having the evidentiary hearing proceed without McDowell’s presence.
In denying McDowell’s motion, the post-conviction court addressed the issue of McDowell’s presence by concluding that “[bjecause the presence of a defendant is not always required, and the fact that [McDowell] was represented by counsel, who was able to confer with her client prior to the hearing, the Court has decided in its discretion that [McDowell’s] presence was not required in this case.” The postconviction court also concluded that McDowell’s allegations were unambiguous and that his trial counsel had a clear recollection of the case.
On appeal, McDowell argues that the postconviction court erred by refusing to permit him an opportunity to be present to testify because there were disputed factual issues about which McDowell had personal knowledge. The State concedes error on this point.
Although the postconviction court correctly stated that a defendant’s presence is not always required at a rule 3.850 evidentiary hearing, a defendant should be given an opportunity to testify where there are questions of fact within the personal knowledge of the defendant. See Harrell v. State, 458 So.2d 901, 902 (Fla. 2d DCA 1984); Eby v. State, 306 So.2d 602, 603 (Fla. 2d DCA 1975); Smith v. State, 489 So.2d 197, 198 (Fla. 1st DCA 1986). Further, by requiring the defendant’s presence in such a case, a postconviction court can ensure that the defendant will be able to assist postconviction counsel during the cross-examination of witnesses. See Harrell, 458 So.2d at 902; Eby, 306 So.2d at 603.
*1259 Here, McDowell’s trial counsel testified that while he initially discussed entering a plea in three different cases (including the violation of probation), McDowell refused to do so because it would require prison time and thus that McDowell chose to enter a plea solely to the violation of probation charge. Trial counsel also testified that while McDowell had adjudication withheld on the charge underlying the violation of probation, he [trial counsel] had no knowledge as to whether that would be maintained following the entry of McDowell’s plea to the violation charge itself.
While all of these facts may be true, such testimony contoasts with McDowell’s allegations in his rule 3.850 motion. Yet McDowell was neither permitted to present his own testimony in contradiction to trial counsel’s testimony nor was he given an opportunity to assist his postcon-viction counsel in cross-examining his trial counsel. Because there were disputed factual issues, the postconviction court’s failure to permit McDowell an opportunity to be present was an abuse of discretion.
We therefore reverse the postconviction court’s order and remand for a new evi-dentiary hearing. McDowell must be permitted an opportunity to be present at this hearing to testify and cross-examine his trial counsel concerning McDowell’s allegations that trial counsel misadvised McDowell about his plea and provided ineffective assistance by failing to raise certain issues below.
Reversed and remanded.
WHATLEY and CRENSHAW, JJ., Concur.

. In the order setting an evidentiary hearing for ground one, the postconviction court found that this claim was facially insufficient but stated that McDowell's postconviction counsel could either waive this claim or proceed further on it at the evidentiary hearing. Because we are reversing for a new evidentia-ry hearing on the basis that McDowell was improperly prevented from being present at the original hearing, McDowell should be given the same opportunity to present this issue again at the new hearing.