PALMER, J.
 

 Brock Shade (defendant) appeals the order entered by the tidal coui't granting in part and denying in part his motion for the return of personal property. Determining that the trial court erred in deciding the motion without conducting an evidentiary hearing at which the defendant was allowed to be present, we reverse.
 

 While the defendant was incarcerated on numerous drug related convictions, he filed a motion for the return of personal property seized by law enforcement pursuant to a search of his home and held by the Her-nando County Sheriffs Office. The trial court conducted multiple hearings on the defendant’s motion, but did so without the defendant being present, in spite of his requests to be present. Ultimately, the trial court entered an order specifically listing certain items of personal property
 
 *723
 
 to be returned to the defendant, and certain other items which were not to be returned because they were contraband.
 
 [1]
 

 The defendant contends that the trial court erred in failing to order the return of all the property requested in his motion. He claims that all of the property was legitimately in his possession and had been purchased with funds which were lawfully earned by him. In a related claim, the defendant argues that the trial court should have held an evidentiary hearing with him present. We agree.
 

 Trial courts possess the inherent authority to rule upon motions seeking the return of property seized by law enforcement in connection with a criminal investigation once the trial court takes jurisdiction over the criminal proceedings arising from said investigation. See
 
 Brown v. State,
 
 613 So.2d 569 (Fla. 2d DCA 1993).
 

 In
 
 Benedetti v. State,
 
 584 So.2d 203 (Fla. 2d DCA 1991), the Second District addressed the issue of whether an incarcerated defendant had the right to attend a hearing held on the issue of seized property:
 

 A defendant, [...] has the right to notice and an opportunity to be heard before he is deprived of his possessions.
 
 Fuentes v. Shevin,
 
 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The appellants were not afforded these rights. The appellants, through their attorney, were only notified that the state objected to the return of property, not that a hearing was going to be held concerning the payment of restitution and the forfeiture of property. The court denied the appellants’ request to be present at the hearing, and they were, therefore, not given the opportunity to present evidence in opposition to the state’s motion. Since the appellants were deprived of their due process rights, we must reverse and remand for a hearing where such rights are afforded them.
 

 Id.
 
 at 204. Similarly, in
 
 Bolden v. State,
 
 875 So.2d 780 (Fla. 2d DCA 2004), the Second District addressed the fact that the defendant was not present at the proceedings concerning his motion for the return of property. The court stated:
 

 Because consideration of a motion for the return of property is governed by procedures similar to those used in post-conviction proceedings, general principles of postconviction relief govern the necessity for the defendant’s presence. A defendant is not entitled to be present as a matter of right; however, when “there are questions of fact within the defendant’s own knowledge which must be resolved, the defendant must be afforded the opportunity to testify and cross-examine witnesses.”
 
 Harrell v. State,
 
 458 So.2d 901, 902 (Fla. 2d DCA 1984)(citing
 
 Alfonso v. State,
 
 319 So.2d 49, 50 (Fla. 2d DCA 1975)).
 

 Id.
 
 at 783.
 

 Here, the trial court’s order denying in part the defendant’s motion for the return of property is reversed and this matter remanded for an evidentiary hearing on the question of fact as to whether the items which were not returned were properly withheld. The defendant must be afforded the opportunity to be present and testify at said hearing.
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . The items not returned were not items which could be determined on their face to be contraband (such as illegal drugs), but rather, items which might or might not be contraband (such as TV monitors, computers, and surveillance equipment).