ORFINGER, C.J.
David E. Clinton appeals a trial court order on his motion for the return of personal property. This Court has jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(ii); Dismuke v. Office of State Attorney, 948 So.2d 1039, 1040 (Fla. 5th DCA 2007).
Mr. Clinton pled guilty to burglary of an occupied structure and grand theft, and was sentenced to prison followed by probation. While in prison, he filed a pro se motion for the return of property seized pursuant to a search warrant. Mr. Clinton appeared by telephone at the subsequent December 2, 2010, hearing and requested a legible copy of the search warrant inventory in order to amend his motion to include or exclude specific items. The trial court ordered the State to obtain and furnish Mr. Clinton with a legible list of the seized property within 30 days. The trial court order reflected that the hearing was to be reset within 45-60 days, but contradictorily set a hearing for January 24, 2011. A notice of hearing for the January 24th hearing was prepared in open court at the December 2nd hearing, indicating that it was sent to Mr. Clinton by mail at Calhoun Correctional Institution, where he was incarcerated.
*1136 Mr. Clinton did not appear at the January 24th hearing, at which the State filed a typed list of the seized property. The list indicated that all of the seized items had either been returned to Mr. Clinton’s mother or destroyed. The court then entered an order, stating that “State filed list of property that listed items that were previously released to mother, destroyed or still held all held items on list may be returned to defendant[.]” Unaware that the State had provided the court with a list, Mr. Clinton filed a motion to compel production of an inventory of the property seized, claiming that he never received the list that the State was ordered to produce, and requested a hearing. The trial court responded by sending Mr. Clinton a copy of the January 24, 2011, court order. Mr. Clinton then filed a motion for rehearing, stating that he did not receive notice for the January 24th hearing. Mr. Clinton attached correspondence from Calhoun Correctional Institution’s mail room, which indicated that he did not receive any legal correspondence by mail from November 29, 2010, through January 31, 2011. At the same time, Mr. Clinton filed another motion requesting an inventory of his seized property. The trial court denied Mr. Clinton’s motion for rehearing and request for an inventory of his seized property. It attached exhibits to its order, including Exhibit “B,” which purported to be Mr. Clinton’s notice of the January 24th hearing. However, Exhibit “B” was actually a notice for the initial December 2nd hearing. This appeal followed.
Trial courts possess the inherent authority to rule on motions seeking the return of property seized by law enforcement in connection with a criminal investigation once the trial court takes jurisdiction over the criminal proceedings arising from the investigation. Shade v. State, 55 So.3d 722, 723 (Fla. 5th DCA 2011); Brown v. State, 613 So.2d 569, 570 (Fla. 2d DCA 1993). When a defendant files a facially sufficient motion, the trial court may order the State to respond by citing applicable case law and attaching portions of the record to refute the defendant’s contention that the property should be returned, after which the motion may be summarily denied. Durain v. State, 765 So.2d 880, 880-81 (Fla. 2d DCA 2000). In the alternative, the trial court may hold an evidentiary hearing. Bolden v. State of Florida, 875 So.2d 780, 782 (Fla. 2d DCA 2004). At the evidentiary hearing, the trial court must first determine whether the property was seized in connection with a criminal prosecution and whether it is still in the agency’s possession. Stone v. State, 630 So.2d 660, 661 (Fla. 2d DCA 1994). If the State can show that the property was entered into evidence, that it intends to pursue forfeiture against the property, or that it intends in good faith to bring another criminal prosecution at which the items would be admissible in evidence, then the defendant is not entitled to have the property returned. Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999); Kern v. State, 706 So.2d 1366, 1370 (Fla. 5th DCA 1998); Stone, 630 So.2d 660, 661. However, if the State is “unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property, it should be returned to [the defendant] or to such person(s) as he may designate.” Stone, 630 So.2d at 661. When there are questions of fact, a defendant is entitled to notice and an opportunity to be heard at the evidentiary hearing. See Shade, 55 So.3d at 723 (remanding for evidentiary hearing as to whether seized items of personal property were properly withheld, and on remand, requiring defendant be afforded opportunity to be present and testify at hearing).
*1137 Here, there was a question of fact to be resolved, namely an itemization of the items that the State seized, and the property’s current status, as Mr. Clinton denied that his mother had taken possession of the property. Mr. Clinton was entitled to notice and an opportunity to be heard at the hearing. He was not present at the January 24th hearing through no fault of his own.
We reverse the orders and remand this matter for an evidentiary hearing on Mr. Clinton’s motion for return of property. Mr. Clinton must be afforded the opportunity to be present in person or telephoni-cally and participate in the hearing.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.