794 So.2d 654 (2001)
Larry JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-420.
District Court of Appeal of Florida, Second District.
June 20, 2001.
Rehearing Denied September 6, 2001.
BLUE, Acting Chief Judge.
Larry Jenkins appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Jenkins raised three claims of ineffective assistance of counsel. We affirm and write to address only one claim.
Jenkins alleged that he received ineffective assistance of counsel because the trial court failed to conduct an adequate inquiry under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). The trial court denied relief, finding that Jenkins' pro se motion to discharge his attorney was ambiguous and merely expressed a general dissatisfaction with his attorney. The trial court attached a copy of Jenkins' pro se motion to dismiss counsel, but this attachment does not support the trial court's finding. Although the copy is barely legible, Jenkins' motion alleged that defense counsel failed to file motions in the case and failed to provide copies of charging and discovery materials.
We affirm the denial of relief on this claim because this court has held that "[w]hether or not the trial court erred in denying defendant's request for a discharge of counsel by failing to follow the proper procedures as required by the case law could have been determined from the record on direct appeal." State v. Green, 476 So.2d 321, 322 (Fla. 2d DCA 1985). Therefore, the claim is not cognizable in a rule 3.850 motion. Id.; Fla. R.Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Cf. Downs v. State, 740 So.2d 506 (Fla.1999) (holding that whether trial court failed to conduct adequate inquiry under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), should be raised on direct appeal, not in postconviction motion).
Affirmed.
FULMER and GREEN, JJ., Concur.