832 So.2d 807 (2002)
Timothy SAVAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1472.
District Court of Appeal of Florida, Second District.
October 18, 2002.
Rehearing Denied December 4, 2002.
*808 PER CURIAM.
Timothy Savage appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm in part and reverse in part.
Savage was convicted of burglary of a structure. Savage's factual allegations concerning the circumstances surrounding the offense are as follows. Savage walked through an open gate into an area behind a plumbing supply store. No signs were posted indicating whether the area was open or closed to the public. Savage walked across the back of the lot into an area that was covered by a roof but had no walls. He picked up a toolbox. At that point, the owner of the store came out of the back of the store and asked Savage what he was doing. Savage asked him whether the toolbox was for sale. The owner told Savage that it was not for sale and directed Savage to leave. Savage then left the area.
Savage further alleged that about a half hour after he left the area, he was approached by a police officer who assured him that he was not in trouble and promised him drug treatment if he would tell him about the toolbox and his entry into the fenced area. He also contended that he was questioned about the offense after being arrested and before he was read his Miranda[1] rights.
Savage's first claim was that the trial court lacked jurisdiction to enter a conviction and sentence because he established his affirmative defense that the structure was open to the public. This is a direct appeal issue and not cognizable in a rule 3.850 proceeding. See Jenkins v. State, 794 So.2d 654 (Fla. 2d DCA 2001). In his motion for rehearing, which was denied by the trial court, Savage argued that the issue could not be raised on appeal because his attorney did not preserve it.
*809 Savage's first claim was restated in his second claim. He alleged that his trial counsel was ineffective for failing to move for a judgment of acquittal on his affirmative defense that the premises were open to the public at the close of the State's case. The trial court denied the motion, opining that the evidence on this issue was conflicting and that the motion would have been denied.
The attachments to the order denying relief contain excerpts of testimony presented at trial. The testimony that pertained to whether the premises appeared to be open to the public was given by the owner of the property and the arresting police officer. Both testified that no signs were posted to show that the area was for employees only or that it was closed to the public. Both testified that the gate was open. The owner stated that members of the public had occasionally entered the area through the gate without permission. The owner testified that the area was not open to the public.
In 1997 the standard jury instruction on burglary was amended to add:
A person may be guilty of this offense if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public.
Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 90 (Fla.1997). The question of whether a certain area is open to the public is generally a jury question. See Johnson v. State, 786 So.2d 1162, 1164 (Fla.2001). However under the facts of this case, as represented by the attachments to the trial court order denying relief and Savage's allegations, the court would have been obligated to grant a motion for judgment of acquittal had his counsel so moved. There is no evidence in the attachments to the trial court's order that Savage or any reasonable person would conclude that the area was not open to the public. Whether additional documents in the trial court record would alter this conclusion should be determined by the trial court. Accordingly, we reverse the denial of relief on this issue and remand for further consideration.
Savage's final claim was that his counsel was ineffective for failing to file a motion to suppress the statements he made to law enforcement based on his contention that he was coerced into answering the officer's questions and was questioned prior to being read his Miranda rights. The trial court cited to the probable cause affidavit and the trial testimony of the arresting officer as its basis for concluding that a motion to suppress would have been fruitless. We reverse because this factual dispute, based on the limited record before this court, appears to require resolution through an evidentiary hearing. See Cintron v. State, 508 So.2d 1315, 1316 (Fla. 2d DCA 1987). Again, on remand the trial court must determine whether additional documents in the record obviate the need for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, STRINGER, and SILBERMAN, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).