PLEUS, J.
Jenkins appeals the summary denial of his petition for writ of habeas corpus. He argues that the lower court erred in denying his petition because it sufficiently alleges that he is entitled to immediate release based upon the alleged victim’s misidentification. Because Jenkins could have and should have raised this argument on direct appeal or in a motion for post conviction relief, the lower court properly denied Jenkins’ petition for writ of habeas corpus. Therefore, we affirm.
Jenkins was charged by information with, among other things, aggravated battery upon Tony Hayward. Jenkins filed a pro se motion to dismiss the aggravated battery charge on the grounds that Hayward misidentified him. Attached to the motion was Haywood’s affidavit, which stated that he told the police he believed Jenkins or his son cut him but another person approached him and apologized for cutting him. Based upon this turn of events, Hayward did not believe any longer that Jenkins was the person who cut him.
Subsequently Jenkins pled guilty pursuant to a plea agreement in three separate cases, which included the apparently reduced charge of aggravated assault in the underlying case. There is no record of Jenkins appealing his convictions.
In 2001, Jenkins filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising three claims of ineffective assistance of counsel. The Second District affirmed the summary denial of that motion in Jenkins v. State, 794 So.2d 654 (Fla. 2d DCA 2001), rev. *1050 denied, 819 So.2d 135 (Fla.2002). In addressing one of his ineffective assistance claims, the court held that the claim could have been raised on direct appeal. Id.
In the instant action, Jenkins filed a petition for writ of habeas corpus in Sumter County alleging that he was wrongfully convicted of the aggravated battery charge despite the trial court being in possession of the alleged victim’s affidavit stating that he had misidentified Jenkins. The lower court denied Jenkins’ petition finding that “the appropriate avenue for review lies in post-conviction relief in the jurisdiction where he was convicted.”
On appeal, Jenkins makes the same argument he made below, which is that the alleged victim’s misidentification entitles him to immediate relief. Jenkins fails to cite any authority for this proposition and also fails to explain why he failed to raise this issue either on direct appeal or in a post-conviction motion pursuant to Rule 3.850. The record clearly demonstrates that Jenkins could have raised his argument on direct appeal or in a post-conviction motion because.he raised it with the trial court prior to entering his guilty plea. We agree with the State that habeas corpus petitions should not be used for additional appeals on questions that could have been raised on direct appeal, in a Rule 3.850 motion or on matters that were not objected to at trial. Teffeteller v. Dugger, 734 So.2d 1009, 1025 (Fla.1999); see also Heilmann v. State, 832 So.2d 834 (Fla. 5th DCA 2002), rev. dism’d, 845 So.2d 890 (Fla.2003). Accordingly, we affirm.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.