950 So.2d 1276 (2007)
Richard M. CHOUQUER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2805.
District Court of Appeal of Florida, Second District.
March 21, 2007.
Brooke V. Elvingtron of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
SILBERMAN, Judge.
Richard M. Chouquer appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of his claim relating to photographs. We reverse the denial of his claim that counsel was ineffective for failing to investigate and file a motion to suppress, and we remand for further proceedings.
In his sworn motion, Chouquer claimed that trial counsel was ineffective for failing to properly investigate and file a motion to suppress his statements to law enforcement. He claimed that his statements were obtained in violation of Miranda.[1] He stated that on July 10, 2002, an FBI special agent and a police lieutenant, who were investigating a missing child case, questioned him for four hours at a police station. He described the circumstances leading to his being at the police station and being interrogated. He asserted that he was in custody but was not advised of his Miranda rights at any time prior to or during the interrogation. He stated that although he was initially told he could *1277 leave the room where the interrogation was taking place, when he asked to leave he was not permitted to do so. He also alleged that during the interrogation, he requested counsel and his request was ignored or denied.
Chouquer claimed that after four hours of questioning and being brought to tears, he made an incriminating statement to law enforcement. He added that on the following day, July 11, 2002, he made post-Miranda statements that were also subject to suppression because the statements were made incident to an unlawful arrest.[2] Chouquer contended that under the totality of the circumstances he reasonably perceived that he was in custody, and therefore, his statements to law enforcement were not voluntarily made. He asserted that he discussed these facts with counsel but counsel failed to investigate and file a motion to suppress. He claimed that he entered a guilty plea because counsel did not properly advise him regarding the viability of a motion to suppress.
In its response, the State cited to portions of the deposition transcripts of the FBI agent and the police lieutenant. The State argued that based on the totality of the circumstances, when Chouquer was interrogated and gave his statement on July 10, 2002, he was not in custody and was not entitled to the Miranda warnings. The State asserted that a motion to suppress Chouquer's pre-Miranda statements of July 10 or his post-Miranda statements of July 11 would have failed. The postconviction court summarily denied Chouquer's motion in all respects, stating that it agreed with and adopted the State's response.
After reviewing Chouquer's motion, the State's response, and the limited record that is before us, we conclude that Chouquer has stated a legally sufficient claim and that a factual dispute exists as to whether he was in custody for purposes of Miranda, whether his rights were violated, and whether counsel was ineffective for failing to investigate and file a motion to suppress. See Savage v. State, 832 So.2d 807, 809 (Fla. 2d DCA 2002); Cintron v. State, 508 So.2d 1315, 1316 (Fla. 2d DCA 1987). Accordingly, we reverse. On remand, the postconviction court shall conduct an evidentiary hearing, unless the court is able to attach portions of the record that conclusively refute Chouquer's claim.
Affirmed in part, reversed in part, and remanded.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Chouquer also argued that the July 11 statements were subject to suppression because law enforcement told him that it would be better for him if he admitted his guilt. We conclude that the trial court did not err in summarily denying this portion of Chouquer's claim.