[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15186

_____

D. C. Docket No. 05-00126-CR-1-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN DEVON JACKSON, a.k.a. Brian Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 9, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,[*] District Judge.

PRYOR, Circuit Judge:

---

[*] Honorable James H. Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

This appeal presents the question whether the Constitution requires the exclusion of physical evidence that was discovered on the basis of a defendant's voluntary statement elicited without the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). While he sat in the back of a police car, Brian Devon Jackson admitted to his probation officer that the officer would find a firearm in Jackson's bedroom. Police officers recovered the firearm, and a grand jury charged Jackson with firearm possession by a convicted felon. 18 U.S.C. § 922(g). After the district court denied Jackson's motion to suppress the firearm, Jackson entered a conditional plea of guilty. In the light of United States v. Patane, 542 U.S. 630, 124 S. Ct. 2620 (2004), we affirm Jackson's conviction.

## I. BACKGROUND

While on patrol in an unmarked car in Evergreen, Alabama, Police Chief James Simpson observed Jackson and another man near the house of Jackson's mother. Jackson and Simpson knew each other well. When Simpson passed the house, close enough for Jackson to recognize him, Jackson ran behind the house to a utility shed. When Simpson backed up, Jackson moved to the back door of the house.

Jackson was serving a sentence of probation for possession of marijuana and was the subject of an unexecuted arrest warrant for his failure to appear for

2

probation supervision. Evergreen police officers had also been looking for Jackson for several days because they suspected that he had led police on a high-speed chase.

Simpson exited his car and told Jackson that he was under arrest. Jackson said that his grandfather had passed away, and Jackson said that he would not go to jail. Jackson then entered the house and refused to leave. Simpson requested assistance from other officers. Simpson stood on the back porch of the home until other officers arrived and tried to persuade Jackson to leave the house. After approximately 15 to 20 minutes, Jackson left the house, and officers placed Jackson under arrest.

While Jackson was inside the house, a police officer called Jackson's probation officer, Jeff Jeter. The police officer asked Jeter to come to the scene in the event that officers needed to enter the house to arrest Jackson. When Jeter arrived, Jackson had already been arrested.

The terms of Jackson's probation sentence required him to "submit to a search of [his] person, home, vehicle, and any other property under [his] control by the Probation Officer without a warrant." While Jackson sat in the back of a patrol car, Jeter told Jackson that he was going to search the house and asked, "Is there anything I should know about in there?" Jackson responded that a firearm and

another man were inside the house.  Neither Jeter nor the officers provided any Miranda warnings before Jackson answered Jeter's question.  Jeter and another officer entered the house.  A friend of Jackson's mother directed officers to Jackson's bedroom.  There the officers found a shotgun, two shotgun shells, and Jackson's driver's license.

A grand jury indicted Jackson and charged him with firearm possession by a convicted felon.  18 U.S.C. § 922(g).  Jackson moved to suppress his statement to Jeter and the firearm recovered from Jackson's bedroom.  The district court granted Jackson's motion to exclude the statement and denied Jackson's motion to exclude the firearm.  Jackson entered a conditional guilty plea.  See Fed. R. Crim. P. 11(a)(2).  He reserved the right to appeal the denial of his motion to suppress the firearm.  The district court sentenced Jackson to 37 months of imprisonment.

## II. STANDARD OF REVIEW

"We review a district court's denial of a motion to suppress de novo, reviewing all evidence in the light most favorable to the party that prevailed in the district court."  United States v. Yuknavich, 419 F.3d 1302, 1308 (11th Cir. 2005).

## III. DISCUSSION

Because Jackson was serving a sentence of probation that required him to submit to warrantless searches, the parties agree that police officers needed no

4

more than reasonable suspicion to search Jackson's home. See United States v. Knights, 534 U.S. 112, 121, 122 S. Ct. 587, 592 (2001); Yuknavich, 419 F.3d at 1311. Jackson concedes that his statement established reasonable suspicion and was voluntary, but he argues that, because he received no Miranda warnings, the firearm discovered as a result of the search must be suppressed. We disagree.

Our resolution of this appeal is controlled by the decision of the Supreme Court in United States v. Patane, 542 U.S. 630, 124 S. Ct. 2620 (2004). That decision also involved a defendant arrested at his residence. An officer began to inform Patane of his rights under Miranda, but Patane interrupted the officer and said "that he knew his rights." Id. at 635, 124 S. Ct. at 2625 (plurality opinion). The officer then asked Patane about a firearm that the officer suspected Patane illegally possessed. Patane replied that the firearm was in his bedroom and gave the officer permission to retrieve it. Both the district and appellate courts held the firearm inadmissible. Id. The Supreme Court reversed.

A fractured majority of five held that the firearm was admissible. The plurality opinion for three justices recognized that the Miranda rule is a guard "against the prosecutorial use of compelled statements as prohibited by the Fifth Amendment." Oregon v. Elstad, 470 U.S. 298, 304, 105 S. Ct. 1285, 1290 (1985). The plurality concluded that "[t]he Self-Incrimination Clause . . . is not implicated

5

by the admission into evidence of the physical fruit of a voluntary statement. ”
Patane, 542 U.S. at 636, 124 S. Ct. at 2626 (plurality opinion).

A separate concurrence by two justices reached the same result for a different and narrower reason. Those justices concluded that, in the light of its purposes of promoting trustworthy evidence and deterring police misconduct, Elstad, 470 U.S. at 308, 105 S. Ct. at 1293, the Miranda rule does not require exclusion of the "physical fruits" of an unwarned but voluntary statement. Patane, 542 U.S. at 645, 124 S. Ct. at 2631 (Kennedy, J., concurring in the judgment). Physical evidence is trustworthy, and the value of deterrence is outweighed by "the important probative value of reliable physical evidence." Id.

"When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" Marks v. United States, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 169 n.15, 96 S. Ct. 2909, 2923 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)). From that perspective, the Patane plurality and concurrence agreed, at least, that Miranda does not require the exclusion of physical evidence that is discovered on the basis of a voluntary, although unwarned, statement. As several of our sister circuits have

recognized, this narrow agreement is the holding of Patane. See, e.g., United States v. Renken, 474 F.3d 984, 988 (7th Cir. 2007), cert. denied, No. 06-11673, 2007 WL 1647196 (U.S. Oct. 1, 2007); United States v. Phillips, 468 F.3d 1264, 1266 (10th Cir. 2006), cert. denied, 127 S. Ct. 1893 (2007); United States v. Brathwaite, 458 F.3d 376, 382 n.7 (5th Cir. 2006); United States v. Nichols, 438 F.3d 437, 442 (4th Cir. 2006).

Jackson argues that Missouri v. Seibert, 542 U.S. 600, 124 S. Ct. 2601 (2004), which was decided the same day as Patane, qualifies the holding of Patane, but again we disagree. Seibert held inadmissible a statement obtained by interrogation techniques calculated to undermine Miranda warnings. Seibert, 542 U.S. at 617, 124 S. Ct. at 2613 (plurality opinion). Patane held that no violation of an obligation to warn that produces a voluntary statement is severe enough that the deterrence value of suppression outweighs "the important probative value of reliable physical evidence." Patane, 542 U.S. at 645, 124 S. Ct. at 2631 (Kennedy, J., concurring in the judgment).

Our understanding of the narrow agreement of the majority in Patane resolves this appeal. Because Jackson's firearm is physical evidence and he concedes that his unwarned statement was voluntary, Patane allows the admission of Jackson's firearm. The district court was correct to deny Jackson's motion to

suppress the firearm.

## IV. CONCLUSION

Jackson's conviction is

**AFFIRMED.**