SALCINES, Judge.
Armando Rivera challenges the trial court’s denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, raising five claims. We reverse the denial of Rivera’s claim that counsel was ineffective for failing to file a motion to dismiss or to suppress statements that were made during a warrantless probationary search. On the other claims, we affirm the denial of relief without further comment.
In ground five of his motion, Rivera claimed that statements made to law enforcement during the warrantless probationary search of his residence were obtained in violation of Miranda.[1] Rivera alleged that during the search, he was placed in handcuffs and had no choice other than to submit to the officers’ will, but he was never advised of his Miranda rights. According to the officers’ various reports that are attached to the motion, Rivera made incriminating statements about his ownership of guns and drugs found during the search. One of the reports states that Rivera volunteered to assist officers in the recovery of drugs later discovered during the search. The three reports detail what took place during the search. Each report recounts a different version of the events, one of which never mentioned that Miranda warnings were given.[2]
*512 In its response, the State cited to the three reports and portions of the deposition testimony of one of the arresting officers. The State contended that each of the three reports served different purposes and thus, in spite of the fact that all of the reports did not contain the same information, none contradicted the others. Furthermore, the State cited the officer’s deposition testimony in which he stated that Miranda warnings were not given because Rivera was never questioned. However, we note that the officer later retracted that statement, claiming that the warnings were given at the beginning of the search upon Rivera’s arrest. The postconviction court denied Rivera’s motion as to each claim, agreed with the State, and incorporated the State’s response in the final order.
After reviewing Rivera’s motion, the State’s response, and the record before us, we conclude that Rivera “has stated a legally sufficient claim and that a factual dispute exists as to whether [Rivera] was in custody for purposes of Miranda, whether his rights were violated, and whether counsel was ineffective for failing to investigate and file a motion to suppress.” Chouquer v. State, 950 So.2d 1276, 1277 (Fla. 2d DCA 2007); see also Savage v. State, 832 So.2d 807, 809 (Fla. 2d DCA 2002); Cintron v. State, 508 So.2d 1315, 1316 (Fla. 2d DCA 1987). The attachments to the trial court’s order denying ground five fail to refute Rivera’s allegations. Therefore, we reverse and remand for an evidentiary hearing, unless the court is able to attach portions of the record that conclusively refute Rivera’s claim.
Affirmed in part, reversed in part, and remanded.
DAVIS and LaROSE, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. When a probationer makes unwarned, voluntary statements that lead to the discovery of *512 physical evidence during a probationary search, the physical evidence need not be suppressed. See United U.S. v. Jackson, 506 F.3d 1358 (11th Cir.2007). For the purposes of our review in the postconviction context, we cannot conclude that Rivera's statements were voluntary. Furthermore, Rivera seeks to suppress his statements, not physical evidence. See id.., 506 F.3d at 1361.