PER CURIAM.
James Hoppert appeals the posteonviction court’s order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In his motion, Hoppert claims that the evidence presented at trial was insufficient to support his conviction for burglary of an occupied structure and that it only supported a conviction for the lesser offense of burglary of an unoccupied structure. Hoppert directly challenges his conviction under section 810.02(3)(c), Florida Statutes (2007); therefore his motion is improper as a motion to correct illegal sentence. Because Hoppert’s motion is timely filed and properly sworn under Florida Rule of Criminal Procedure 3.850, the postconviction court should have analyzed it as such. Hettick v. State, 977 So.2d 797, 798 (Fla. 2d DCA 2008). Nevertheless, we affirm the denial of Hoppert’s motion.
In his motion for postconviction relief, Hoppert alleges that the public women’s restroom he burglarized was unoccupied because each stall is a structure of its own and the victim did not exit her stall until after Hoppert had exited the restroom. The postconviction court found that Hop-pert’s motion was without merit because the restroom was occupied when Hoppert entered the women’s restroom and photographed the victim with his cell phone camera by reaching under the stall. While the postconviction court was correct in denying Hoppert’s motion, it should have done so on the ground that claims of insufficiency of the evidence are not cognizable in a rule 3.850 motion and should be raised on direct appeal. See Fla. R.Crim. P. 3.850(a); Savage v. State, 832 So.2d 807, 808 (Fla. 2d DCA 2002) (holding that an argument establishing an affirmative defense to burglary was a direct appeal issue and not cognizable in a rule 3.850 proceeding); Jackson v. State, 640 So.2d 1173, 1174 (Fla. 2d DCA 1994) (“[I]t is well-settled that insufficiency of the evidence cannot be raised under rule 3.850[.]”).
We affirm the postconviction court’s order on the basis that relief was not available even if the motion had been appropriately considered pursuant to rule 3.850.
Affirmed.
NORTHCUTT, VILLANTI, and CRENSHAW, JJ., Concur.