[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12750
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00098-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS ANDRE ROBINSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 11, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Marcus Robinson pleaded guilty to possession of methamphetamine with

intent to distribute, 21 U.S.C. § 841(a), (b)(1)(C); possession of a firearm in

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and

possession of a firearm and ammunition by a convicted felon, 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  Before he pleaded guilty, Robinson filed a motion to

suppress statements he made to probation officers during a search of his home and

evidence seized during that search, including a pistol and methamphetamine found

in a locked safe.[1]  The district court denied the motion.  Robinson now appeals,

arguing first, that his statements were involuntary[2] and that the derivative physical

evidence was the fruit of those involuntary statements, and second, that a false

statement was included in the search warrant affidavit and that, without it, there

was no probable cause to search the safe.  We disagree and affirm.

## I.

When reviewing the denial of a motion to suppress, we review the district

court's factual findings for clear error and its application of the law de novo.

*United States v. Gibson*, 708 F.3d 1256, 1274 (11th Cir. 2013).  We review

whether a statement is voluntary de novo, and give deference to the district court's

factual findings.  *See United States v. Lall*, 607 F.3d 1277, 1285 (11th Cir. 2010).

The government has the burden of proving voluntariness by a preponderance of

evidence.  *Id.*

---

[1] In Robinson's written plea agreement, he preserved the right to appeal the denial of his motion
to suppress.

[2] The government agrees that Robinson's unwarned statements would not be admissible at trial.
Thus, only the district court's denial of Robinson's motion to suppress the derivative evidence
found in the safe, and not the admissibility of his statements, is at issue in this appeal.

The Fifth Amendment requires law enforcement officers to advise a person subject to custodial interrogation of certain rights and to respect the invocation of those rights. *Miranda v. Arizona*, 384 U.S. 436 (1966); *United States v. Bernal-Benitez*, 594 F.3d 1303, 1318 (11th Cir. 2010). While statements made in violation of *Miranda* must generally be suppressed, failure to give *Miranda* warnings does not require suppression of physical fruits of a suspect's unwarned but voluntary statements. *See United States v. Patane*, 542 U.S. 630, 633–34 (2004) (plurality opinion); *United States v. Jackson*, 506 F.3d 1358, 1361 (11th Cir. 2007).

"While the failure to comply with *Miranda* creates a presumption that a confession was not voluntary, an examination of the totality of the circumstances is necessary to determine whether the confession was actually voluntarily given." *Lall*, 607 F.3d at 1285. Threats of violence or promises of leniency can render a statement involuntary. *Id.* Furthermore, a state probationer may generally be required to discuss matters related to his probation, but the state may not force the probationer to answer questions over a claim of privilege or suggest—implicitly or explicitly—that invocation of the probationer's Fifth Amendment privilege would result in a probation revocation. *United States v. Zinn*, 321 F.3d 1084, 1091 (11th Cir. 2003) (citing *Minnesota v. Murphy*, 464 U.S. 420, 435 (1984)).

The district court properly concluded that Robinson's unwarned statements were voluntary based on the totality of the circumstances. *Lall*, 607 F.3d at 1285. Robinson's probation term that required him to truthfully answer questions from his probation officer does not constitute coercion. This probation term is generally allowed, and there is no evidence in the record that any officer threatened to revoke Robinson's probation if he did not answer questions about the safe. *See Zinn*, 321 F.3d at 1091. The record does not contain evidence of any repeated questioning, threats of violence, or promises of leniency. Robinson's unwarned statements were voluntary, and thus while the statements themselves were inadmissible under *Miranda*, the derivative physical evidence—the gun and methamphetamine found in the safe—were not excludable under *Miranda. See Patane*, 542 U.S. at 634; *Jackson*, 506 F.3d at 1361.

## II.

Second, Robinson argues that the search violated his Fourth Amendment rights. The search warrant affidavit contained a statement by Robinson admitting a gun was in his safe. Robinson contends that this statement was false and without it, there was no probable cause to search the safe. Whether a warrant would have been sought absent a constitutional violation is a factual question that we review for clear error. *Cf. United States v. Noriega*, 676 F.3d 1252, 1259, 1263 (11th Cir. 2012). We review for clear error the district court's determination of whether an

alleged misrepresentation in a search warrant affidavit was intentionally or recklessly false. *United States v. Novaton*, 271 F.3d 968, 988 (11th Cir. 2001).

The Fourth Amendment establishes the right to be free from unreasonable searches and seizures and mandates that "no Warrants shall issue but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. Evidence obtained in violation of the Fourth Amendment is generally inadmissible. *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002). Nonetheless, "evidence obtained from a lawful source that is independent of any Fourth Amendment violation is admissible." *Noriega*, 676 F.3d at 1260. Under the two-part test for evidence obtained from a lawful independent source, the district court must first, remove from the search warrant affidavit any information obtained as a result of the challenged conduct and second, determine whether the remaining information supported a finding of probable cause on its own. *See id.*

The district court correctly concluded that it was not required to exclude the derivative physical evidence under the Fourth Amendment. The search warrant was supported by the probation officers' observation of a pistol in Robinson's home before obtaining the warrant. Upon entering the home to execute the search warrant, the pistol had disappeared, and officers were unable to locate it after a search of the house. Accordingly, probable cause existed to support both the warrant and the subsequent search even without Robinson's alleged statement.

5

The district court properly denied Robinson's motion to suppress the physical evidence. Accordingly, we affirm.

**AFFIRMED.**